IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW A. GOMEZ,

    Plaintiff,

  v.                                                                       No. CIV 12-1198 RB/CEG

JAMES LOPEZ, WARDEN,
ANTHONY ROMERO, DEPUTY WARDEN,
EMILY GAUTHIER, CONTROL OFFICER,
JESSICA LOPEZ, CORRECTIONAL OFFICER,
LOUIE NIETO, CORRECTIONAL OFFICER,
LEONARD MANZANARES, UNIT MANAGER,
JANE AND/OR JOHN DOE, MEDICAL PROVIDERS,
FNU LNU SHIFT CAPTAIN,
JOHN DOE, CO FIRST RESPONDER,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss certain of Plaintiff's claims without prejudice.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se

complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names eight Defendants and contains three Counts. In Counts I and II, Plaintiff alleges that Defendants conspired to have him killed by knowingly placing him in a life-threatening situation. He was injured in a resulting disturbance. In Count III, Plaintiff alleges that he was denied adequate medical treatment for the injuries he received in the disturbance. The complaint contends that Defendants' actions violated certain of Plaintiff's constitutional protections. For relief, Plaintiff seeks damages.

In Counts I and II, Plaintiff asserts claims under the Eighth and Fourteenth Amendments. He alleges that Defendant Nieto allowed a known dangerous inmate to be released from his cell. The inmate attacked and injured Plaintiff by beating him with handcuffs. Defendant Gauthier was present but failed to take adequate measures to stop the fight. Plaintiff further alleges that these events resulted from a conspiracy involving Defendants Manzanares and a Shift Captain that grew out of earlier litigation in 2009. During the earlier action, Defendant Manzanares allegedly reprimanded Plaintiff for challenging his confinement. And, to bolster his assertion that Defendant Shift Captain was involved as the "conspiracy continue[d] to unfold," Plaintiff alleges that rookie officers were on duty on the night of the incident.

As noted above, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Plaintiff's conspiracy allegations, even liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed), fail to "specifically present facts tending to show agreement and concerted action," as minimally required to support a

complaint for conspiracy.  *See Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983); *and see Stidham v. Peace Officer Standards And Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) ("We hold that the affirmative link described in *Rizzo*[ *v. Goode*, 423 U.S. 362 (1976),] and its progeny must be alleged in the complaint as well as proven at trial.").  Because Plaintiff has failed to provide factual support for a claim that Defendants conspired with each other to violate his constitutional rights, he has failed to state § 1983 claims against Defendants other than Nieto and Gauthier.

Plaintiff acknowledges that he was taken to the hospital after the incident.  In Count III, however, he alleges that prison staff denied him necessary follow-up treatment for his injuries.  The complaint does not identify any individuals who allegedly denied this treatment.  Plaintiff will be allowed a reasonable time to identify individuals who allegedly denied him medical treatment.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants James Lopez, Romero, Jessica Lopez, Manzanares, Shift Captain, and John Doe CO First Responder are DISMISSED; and Defendants James Lopez, Romero, Jessica Lopez, Manzanares, Shift Captain, and John Doe CO First Responder are DISMISSED without prejudice as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Nieto and Gauthier.

_____
UNITED STATES DISTRICT JUDGE