## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANDREW ANTHONY GOMEZ,

     Plaintiff,

     v.                                No. CV 12-1198 RB/CG

JAMES LOPEZ, Warden, ANTHONY
ROMERO, Deputy Warden, EMILY
GAUTHIER, Control Officer, JESSICA
LOPEZ, Correction Officer, LOUIE
NIETO, Correction Officer, JANE and/or
JOHN DOE, Correction Officer First
Responders, JANE and/or JOHN DOE,
Medical Providers,

     Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

     **THIS MATTER** is before the Court on Defendants' *Initial* Martinez *Report* ("*Martinez* Report"), filed October 21, 2013, (Doc.34); Plaintiff's *Response to* Martinez *Report*, filed November 4, 2013, (Doc. 37), and Plaintiff's *Supplemental Motion to Add Identified First Responder and Response to Initial* Martinez *Report*, filed November 7, 2014, (Doc. 38), are collectively considered Plaintiff's Response; *Defendants' Reply to "Supplemental Motion to Add Identified First Responders and Response to Initial* Martinez *Report" (Doc. 38)* ("Reply"), filed November 21, 2013, (Doc. 40); and Plaintiff's *Response to Defendants' Reply* (Doc. 39) ("Surreply"),[1] filed December 26, 2013, (Doc. 41).   In their *Martinez* Report, Defendants' move the Court to dismiss Plaintiff's *Amended Verified Complaint Under 42 U.S.C. § 1983,* (Doc. 17-1), because Plaintiff failed to exhaust his

---

[1] Plaintiff did not seek leave from the Court to file a surreply pursuant to D.N.M.LR-Civ 7.4(b).   However, in the interests of justice, the Court will consider his Surreply.

administrative remedies.

I.     **Factual and Procedural Background**

Plaintiff filed his original *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* ("Original Complaint"), (Doc. 3), on November 19, 2012.   In the Original Complaint, Plaintiff outlined an incident that occurred on November 20, 2011, in which Defendants allegedly failed to protect Plaintiff, used excessive force, and failed to provide him with adequate medical care.   (*See generally* Doc. 3).   Plaintiff named eight defendants, including Defendants Louie Nieto, Emily Gauthier, Jessica Lopez, Anthony Romero, James Lopez, and unnamed Correctional Officers and First Responders.   (Doc. 3).   In his *Memorandum Opinion and Order* filed on March 14, 2013, United States District Judge Robert Brack dismissed Defendants Jessica Lopez, James Lopez, Romero, and the unnamed defendants because Plaintiff had failed to provide enough facts to support the claims he had raised.   (Doc. 10 at 2-3).

The Court granted Plaintiff's *Motion to Amend Complaint* on August 7, 2013, (Doc. 23), and Plaintiff was allowed to proceed with his claims of excessive force, failure to protect, and failure to provide adequate medical care against Defendants Nieto, Gauthier, Romero, James Lopez, Jessica Lopez, and unnamed defendants.   (Doc. 23 at 3).   The Court also ordered Defendants to submit an initial *Martinez* Report providing the names of the unnamed defendants.   (Doc. 31 at 3).   Defendants filed the *Martinez* Report with the requested information and moved the Court to dismiss Plaintiff's complaint on the basis of his failure to exhaust his administrative remedies.   (Doc. 34 at 1-4, 6).

The *Martinez* Report includes the affidavit of Larry Phillips, the Grievance Appeals Coordinator at the New Mexico Corrections Department ("NMCD").   (Doc. 34-2 at 1-2).

2

Mr. Phillips states any grievances appealed through all of the levels of the grievance process are in his care.   (Doc. 34-2 at 1-2).   He further explained that the records do not contain any grievances filed by Plaintiff.   (Doc. 34-2 at 2).   Defendants also submitted a copy of the grievance policy in effect from March 2011 through January 2012, NMCD policy CD-150500/150501.   (Doc. 34-2 at 3, 5-25).

Under this policy, an inmate must file an informal complaint "within five calendar days of the incident giving rise to the complaint."   (Doc. 34-2 at 13).   If the informal complaint fails to resolve the complaint within five days of receipt of the complaint, the next step is for the inmate to file a formal grievance, which must be filed within twenty days of the incident giving rise to the complaint.   (Doc. 34-2 at 13).   The unresolved informal complaint should be attached to the formal grievance and submitted by "depositing the form(s) in an institutional mailbox, a designated grievance box or by delivering it in person to the Grievance Officer."   (Doc. 34-2 at 13).

A Grievance Officer will review the formal grievance for timeliness and completeness, conduct an investigation, and make a recommendation.   (Doc. 34-2 at 15).   Once the Grievance Officer has made a recommendation, the Warden will review the grievance and recommendation and make a decision.   (Doc. 34-2 at 16).   If an inmate is dissatisfied with the Warden's decision, he may appeal the decision to the Office of the Secretary of Corrections within seven calendar days of receiving the Warden's decision.   (Doc. 34-2 at 16).   At this stage, the "Secretary or designee will render a final decision on the grievance" and the inmate will be informed of this decision in writing. (Doc. 34-2 at 17).   With the decision of the Secretary, the inmate has exhausted all of his administrative remedies.   Also, the policy specifically states that the "[e]xpiration of a time

3

limit at any stage without a decision will not be deemed a denial of the grievance and will entitle the grievant to move on to the next level for review."   (Doc. 34-2 at 11).

In his Response and Surreply, Plaintiff maintains that the affirmative defense of failure to exhaust administrative remedies is "not applicable in this case."   (Doc. 38 at 4). In support of his argument, Plaintiff states that the prison was not in compliance with the grievance policy because his housing unit did not have a "grievance mailbox;" as a result, he had to give his informal complaint to an officer and "Plaintiff can only trust delivery of his informal complaints were affected [sic]."   (Doc. 38 at 4-5; Doc. 41 at 2).   He asserts that the "officer was free to censor the complaint, share it with his supervisors, or do any other unseemly act with Plaintiff's complaint."   (Doc. 41 at 2).   He also maintains that prison officials' failure to return Plaintiff's informal complaint prevented further review of his grievance because he "was unable to meet [the] procedural requirements set forth in Sec. A.3 ('The non-resolved Inmate Informal Complaint shall be attached to the Formal Grievance.')" (Doc. 41 at 2-3).   Plaintiff asks the Court to find that he exhausted all of his available administrative remedies or, alternatively, hold Plaintiff's complaint in abeyance and allow him to fully exhaust his administrative remedies.   (Doc. 41 at 3).

## II.   Standard of Review

The court shall grant summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   The movant bears the burden of making a prima facie demonstration that there is no genuine issue of material fact. *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670–71 (10th Cir.1998) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).

4

If the moving party has demonstrated an absence of material fact, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587(1986) (internal quotations omitted). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. *See Anderson,* 477 U.S. at 249.   The non-movant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1490 (10th Cir.1995).

### III.    Analysis

The Prison Litigation Reform Act ("PLRA") states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1996). Under the PLRA, the exhaustion requirement is mandatory and no longer within the discretion of the district court.   *Woodford v. Ngo,* 548 U.S. 81, 88 (2006).

An inmate may exhaust his administrative remedies only by following all of the steps in the prison's grievance procedure.   *Little v. Jones,* 607 F.3d 1245, 1249 (10th Cir. 2010) (citing *Woodford,* 538 U.S. at 90).   The PLRA only requires exhaustion of "available" administrative remedies.   *Little,* 607 F.3d at 1250 (quoting *Jernigan v. Stuchell,* 304 F.2d 1030, 1032 (10th Cir. 2002)).   "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that

remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Id.*

The failure to exhaust administrative remedies is an affirmative defense that defendants bear the burden of proving. *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). After a defendant has shown that a plaintiff failed to exhaust, the plaintiff must demonstrate that administrative remedies were not available to him. *Id.*

In this case, the only issue is whether Plaintiff has demonstrated that administrative remedies were unavailable to him. Defendants have conclusively shown, and Plaintiff acknowledges, that he did not file a formal grievance that was appealed to the Secretary of Corrections, as dictated by the prison policy.

In arguing that the prison thwarted his efforts to exhaust his administrative remedies, Plaintiff offers only speculation that the unnamed officer to whom he gave his grievance tampered with it or failed to forward it to the designated Grievance Officer. In their Reply, Defendants' point out that Plaintiff has not articulated any specific information regarding his allegedly submitted informal complaints, such as providing the name of the individual to whom he gave the complaint. (Doc. 40 at 4-5). Yet, Plaintiff again failed to support his allegation with any facts in his Surreply. Additionally, Plaintiff has not offered any details as to why he did not attempt to file an informal complaint by depositing it in an institutional mailbox, or by giving it directly to a Grievance Officer, other ways in which the policy allows an inmate to submit a grievance.

Plaintiff also maintains that the prison's failure to return his informal complaint rendered him unable to meet the "procedural requirements" of the grievance policy, in that he could not submit a formal grievance without attaching an informal complaint. This argument is undermined by a specific provision of the grievance policy, which specifically

6

states that the "[e]xpiration of a time limit at any state without a decision will not be deemed a denial of the grievance and will entitle the grievant to move on to the next level for review." (Doc. 34-2 at 11). Under this provision, an inmate is clearly permitted to move on to the next level even if he has not received a response to his grievance at the previous level. Thus, Plaintiff could have, and should have, submitted a formal grievance when he did not get a response to his informal complaint. Considering that Plaintiff could "only trust delivery of his informal complaints were affected [sic]" by the unnamed officer to whom he gave them, the Court is surprised that Plaintiff did not proceed to the filing of a formal complaint immediately after the expiration of the time period during which he would have expected a response to his informal complaint.

Ultimately, Plaintiff has offered only conclusory allegations to support his argument that prison officials thwarted his ability to exhaust his administrative grievances. Therefore, the Court finds that Plaintiff's claims should be dismissed with prejudice for failure to exhaust. Furthermore, the Court does not find any reason to hold Plaintiff's complaint in abeyance to allow him to exhaust his administrative remedies. The grievance policy dictates that a formal grievance be filed within twenty days of the incident; over two years have passed since the incident occurred on November 20, 2011, and Plaintiff is now barred from initiating the grievance process.

### IV.    Conclusion

For the reasons discussed above, the Court **RECOMMENDS** that Plaintiff's *Amended Verified Complaint Under 42 U.S.C. § 1983,* (Doc. 17-1), be **DISMISSED WITH PREJUDICE**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).   **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE