IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW ANTHONY GOMEZ,

    Plaintiff,

    v.                                                                                                                No. CV 12-1198 RB/CG

JAMES LOPEZ, Warden, ANTHONY
ROMERO, Deputy Warden, EMILY
GAUTHIER, Control Officer, JESSICA
LOPEZ, Correction Officer, LOUIE
NIETO, Correction Officer, JANE and/or
JOHN DOE, Correction Officer First
Responders, JANE and/or JOHN DOE,
Medical Providers,

    Defendants.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on February 10, 2014. (Doc. 44). In the PFRD, Judge Garza recommended that Plaintiff's *Amended Verified Complaint Under 42 U.S.C. § 1983 (Doc. 17-1),* be dismissed with prejudice*. (Doc. 44 at 7).* Plaintiff filed objections to the PFRD on February 25, 2014, (Doc. 46), and *Defendants' Response to Doc. 46 "Objection to the Proposed Findings and Recommended Disposition (Doc. 44)"* ("Response") was filed on March 11, 2014. (Doc. 47). *Plaintift's Reply to Defendants' Response to Doc. 47 "Objection to Proposed Findings and Recommended Disposition (Doc. 44)"* ("Reply") was filed on March 24, 2014. (Doc. 49). Although Federal Rule of Civil Procedure 72(b) contains no provision allowing reply, in the interests of justice, the Court will consider Plaintiff's Reply. After a *de novo*

review of the record, Plaintiff's Objections, the PFRD, and the relevant law, the Court overrules Plaintiff's Objections and adopts the PFRD.

As Judge Garza found in the PFRD, the only issue before the Court is whether Plaintiff has demonstrated that administrative remedies were unavailable to him. (Doc. 44 at 6). Plaintiff acknowledges that he did not file a formal grievance as required by the New Mexico Corrections Department grievance policy in effect during the relevant time period and, therefore, did not proceed to exhaust his administrative remedies. (*See* Doc. 46). However, Plaintiff argues that these remedies were unavailable to him because his informal complaint was not returned to him and the grievance policy dictates that the unresolved informal complaint be attached to the formal grievance. (Doc. 46 at 2-3). He asserts that his inability to attach his informal complaint to a formal grievance excuses his failure to exhaust the administrative remedies. (Doc. 46 at 2-3). He maintains that prison officials intentionally thwart an inmate's ability to exhaust his remedies by "simply disregarding informal complaints." (Doc. 46 at 3).

However, the scenario developed by Plaintiff is addressed in the grievance policy with a provision stating that "the expiration of a time limit at any stage without a decision will not be deemed a denial of the grievance and will entitle the grievant to move on to the next level for review." (Doc. 34-2 at 11). This policy clearly contemplates the possibility that an inmate does not receive a response to his grievance at some stage, and nonetheless requires him to move on to the next level. While Plaintiff argues that, per policy, a formal grievance would have been returned to him because it lacked an attached informal complaint, (Doc. 49 at 2-3), this is speculative, as he did not submit a formal grievance. Furthermore, as Defendants point out, Plaintiff "cannot be permitted to argue

that he exhausted his administrative remedies by, in essence, failing to employ them."

(Doc. 47 at 3) (citing *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010)).

For the foregoing reasons, the Court overrules Plaintiff's Objections.

**IT IS THEREFORE ORDERED THAT:**
1) The Magistrate Judge's *Proposed Findings and Recommended Disposition* (Doc. 44) are **ADOPTED**;

2) Plaintiff's *Amended Verified Complaint Under 42 U.S.C. § 1983 (Doc. 17-1),* is **DISMISSED WITH PREJUDICE**.

_____
THE HONORABLE ROBERT BRACK
UNITED STATES DSITRICT JUDGE